IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA CASILLAS-GALLEGOS, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-00753-JKP |
| vs. | § § § | |
| SAN ANTONIO WATER SYSTEM, | § § § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint [#14]. By her motion, Plaintiff asks the Court to grant her leave to file a Second Amended Complaint to correct certain mistakes in her live pleading and to amend the factual allegations underlying her employment claims to include reference to the individual Defendant has represented throughout discovery as the person selected to fulfill one of the positions that Plaintiff asserts she should have been considered for—Mark Tijerina. Plaintiff attaches her proposed Second Amended Complaint to her motion.

The District Court referred all non-dispositive pretrial matters to the undersigned for disposition. Therefore, the undersigned has authority to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court will grant the motion.

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." *See also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15 expresses a strong presumption in favor of liberal pleading"); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) ("[Rule 15] evinces a bias in favor of granting leave to amend."). A motion to amend, therefore, should not be denied unless there is "substantial reason" to do so,

such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Plaintiff's live pleading asserts employment claims under the Texas Labor Code, Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act against Defendant, her former employer.  Plaintiff's proposed Second Amended Complaint does not add any new claims or parties and merely seeks to clarify the factual allegations underlying her claims. Defendant nonetheless opposes the motion, arguing that Plaintiff's amendments are futile because there are certain factual hurdles to her prevailing on her discrimination claim related to the hiring of Tijerina over Plaintiff, as he shares her same race and national origin, and was hired for a position to which Plaintiff never applied.  These arguments are better raised in a dispositive motion, rather than a response to a request for leave to amend.

This Court has discretion to deny a motion to amend if the proposed amendments are futile, i.e., if they fail to state a claim upon which relief can be granted.  *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000).  Again, Plaintiff is not proposing a new claim, only new facts to support her existing ones.  Defendant has not filed a motion to dismiss challenging the plausibility of any of the causes of action asserted in Plaintiff's current pleading.  If Defendant believes that any of Plaintiff's claims fail as a matter of law, it can file a motion to dismiss in response to Plaintiff's amendments or pursue its factual challenges to Plaintiff's allegations in a motion for summary judgment.  The Court will permit Plaintiff to amend her pleadings such that they are consistent with the facts produced in discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint [#14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to docket the Second Amended Complaint attached as Exhibit A to Plaintiff's motion [#14-1].

SIGNED this 15th day of December, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE